■ In the Matter of the Foster Care of Frederick Gaskin, Jr. Commissioner of Social Services of the City of New York et al., Respondents; Gertrude Gaskin et al., Appellants.—Order, Family Court, New York County, entered on or about November 10, 1975,* unanimously reversed, on the law, and the matter remanded to Family Court, New York County, for proceedings as hereinafter set forth, without costs and without disbursements. The order was made in connection with periodic review of foster care (Social Services Law, § 392) of the child of appellant parents. Granting the petition of respondent agency, it directed that steps be taken "to proceed to seek termination of parental rights to free child for adoption". The fatal defect in this disposition is that it does not "include the court's findings supporting its determination that such order is in the best interest of the child" (§ 392, subd 7, par [d]), stating merely the conclusion that "[a]gency has shown sufficient basis so that it should proceed to present the case for termination". In the absence of what is clearly required, i.e., a statement of reasons in terms of the ascertained facts underlying the decision,· it is impossible to make an informed evaluation of Family Court's exercise of discretion. Accordingly, we remand so that appropriate findings may be made and stated. Concur—Stevens, P. J., Markewich, Lupiano, Silverman and Lynch, JJ.

---

* We are told by respondent that a later order of March 22, 1976, actually a decision of denial of a motion for reargument, incorporating therein all prior dispositions inclusive of that appealed from, has cured all possible defects by reason of findings therein contained. But there are no findings stated therein; there are, again, only conclusions that "it would be contrary to the welfare of the child to return to his own home". The infirmity is not cured by recourse to the later order.